**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

**FILED**

OCT 20 2008

At_____M
STEPHEN R LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

Gloria Schmittel
1307 Calumet Ave., # 6
Whiting, IN 46394

Plaintiff,

v.

Financial Recovery Services, Inc.
4640 W. 77th St.
Suite 300
Edina, MN 55435

Defendant.

Case No.:

Judge:

**2 08CV 305**

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around August 18, 2008, Defendant telephoned Plaintiff at Plaintiff's place of employment ("Work") regarding the debt.

1

8.  During this communication, Plaintiff notified Defendant that Plaintiff was not permitted to receive personal phone calls at Work and requested that Defendant cease all further communication to Work.

9.  During this communication, Plaintiff provided Defendant with Plaintiff's residence telephone number so that Defendant could reach Plaintiff at home.

10. During this communication, Defendant ignored Plaintiff's notice and threatened to garnish Plaintiff's wages unless Plaintiff paid Defendant $2,500.00 that day.

11. Despite Plaintiff's notice, Defendant telephoned Plaintiff at Work on numerous occasions throughout August 2008.

12. As a result of Defendant's actions, Plaintiff's Boss reprimanded Plaintiff about Defendant's excessive calls.

13. At the time of the communications referenced above, Defendant had neither the intent nor the ability to garnish Plaintiff's wages.

14. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

15. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's phone calls.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be

inconvenient for Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692d in that Defendant repeatedly or continuously

telephoned Plaintiff and/or another person with the intent to annoy, abuse, and/or harass that

person.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be

taken and/or that was not intended to be taken.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations

with Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or

unconscionable means to collect the debt.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and

   reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By:_____

Timothy J. Sostrin
233 S. Wacker
Sears Tower, Suite 5150
Chicago, IL 60606
Telephone: 866-339-1156
Email: tjs@legalhelpers.com
Attorneys for Plaintiff